UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PEDRO ARREOLA, et al.<br>    Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC., et al.<br>    Defendants. | C. A. No. 12-587-M |

## ORDER

Defendant Flagstar Bank, FSB moves to dismiss Plaintiffs Pedro and Trinidad Arreola's complaint on the ground of res judicata. (ECF Nos. 16.) The Arreola's object to Flagstar's motion, claiming that res judicata does not apply because, *inter alia*, there is not sufficient identicality between the earlier bankruptcy causes of action and the instant District Court causes of action. (ECF No. 24.) Because this Court finds that the causes of action asserted in the bankruptcy proceeding are not sufficiently identical to the current causes of action, res judicata does not apply and Flagstar's motion must be denied.

The Arreola's own a home in Providence, Rhode Island. They granted a mortgage on the property to MERS (as nominee for Bank Street Mortgage, LLC). MERS subsequently assigned the mortgage to Flagstar. On February 20, 2012, Flagstar conducted a foreclosure sale on the home (at which they were the prevailing bidder). On March 2, 2012, Mrs. Arreola filed a Chapter 13 petition for bankruptcy protection. On March 5, 2012, Flagstar assigned its bid to Federal Home Loan Mortgage Corporation (Freddie Mac). Mrs. Arreola filed an adversary complaint against Flagstar and Freddie Mac in her bankruptcy proceeding challenging the assignment as a violation of the automatic stay in bankruptcy.

On August 17, 2012, the Arreola's filed the instant action in U.S. District Court and that same day moved to dismiss the Chapter 13 proceeding. The Bankruptcy Court granted the motion on August 30, 2012. On September 4, 2012, Flagstar and Freddie Mac filed a motion to dismiss the adversary proceeding and the Bankruptcy Court granted the unopposed motion. The Bankruptcy Court then entered final judgment in favor of Flagstar and Freddie Mac. Flagstar has now moved this Court to dismiss this complaint asserting that res judicata applies due to the Bankruptcy Court's dismissal of the adversary proceeding.

"[T]he elements of res judicata are (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) between the parties in the two suits." *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir. 1994). Where all three elements are met, the plaintiff is barred from bringing a new complaint. *See In re Iannochino*, 242 F.3d 36, 49 (1st Cir. 2001).

While the Arreola's challenge the applicability of all three factors, this Court need only focus on the second in considering Flagstar's motion.[1] There is simply no way the Court could find that the causes of action are sufficiently identical or even that they arise from the same operative nucleus of facts. In fact, the two complaints in fact grow from different transactions. The adversary proceeding challenged the transfer of the Arreola's home from Flagstar to Freddie Mac as a "willful violation of the automatic stay" arising out of the bankruptcy filing. (ECF No. 24-2 at 3.) The instant complaint has nothing to do with the bankruptcy proceeding or the

---

[1] The Arreola's claim that the first factor was not met because the dismissal of the adversary proceeding was not a dismissal *on the merits* but a dismissal as moot because the adversary proceeding related only to bankruptcy issues, citing *In re Hamilton*, 399 B.R. 717, 720 (BAP 1st Cir. 2009) (dismissal of a bankruptcy case "normally results in a dismissal of related proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings, but this general rule is not without exceptions."). They also allege that the third factor is not met due to a lack of identicality of parties because Mrs. Arreola alone filed the bankruptcy and this action was filed by both Mr. and Mrs. Arreola.

automatic stay – in fact neither of those two matters are even mentioned in this complaint. This complaint alleges, in essence, that Flagstar illegally foreclosed on the property, that MERS did not have the authority to order the assignment of the mortgage, that the assignment of the mortgage without the corresponding note is a nullity, and a variety of other allegations concerning the relationship among Bank Street Mortgage, MERS, and Flagstar. (*See* ECF No. 1.) The bankruptcy adversary proceeding involved the transfer of the property between Flagstar and Freddie Mac. The U.S. District Court complaint involves the transactions between Bank Street Mortgage and MERS, between MERS and Flagstar, and between Flagstar and the homeowners. Flagstar's motion to dismiss fails to meet the identicality factor.

Because this Court finds that there is not sufficient identicality between the causes of action, res judicata does not apply and Defendant's Motion to Dismiss (ECF No. 16) is DENIED.

IT IS SO ORDERED.

/s/ John J. McConnell
_____
John J. McConnell, Jr.
United States District Judge

April 3, 2013

3